MOORE, Chief Justice.
This case involves the foreclosure on a mortgage on a piece of property owned by King John Stanley. The mortgagee, the defendant Rodney Michael Robinson, foreclosed because Stanley failed to make the payments on the note secured by the mortgage. Stanley sued Robinson, claiming that the foreclosure was wrongful and that Robinson had failed to follow proper foreclosure-notice procedures. The trial court entered a summary judgment for Robinson on all counts; Stanley appealed.

I. Background

King John Stanley mortgaged the piece of real property at issue in this case three times. The property was sold to him by Rodney Michael Robinson. The first mortgage is held by GMAC; the payments on the note secured by it are current and it is not at issue here. The second and third mortgages are held by Robinson. The note secured by the third mortgage is current and is not at issue here. The dispute is over the second mortgage and the foreclosure sale of the property.
Stanley claims that the second mortgage, securing a note in the amount of $15,000, was due to be released by Robinson 'in exchange for Stanley’s assuming responsibility for certain repairs to the premises, pursuant to an oral agreement between Robinson and him. Instead of honoring that promise, according to Stanley, Robinson indicated by certified mail dated August 31, 1998, his intent to foreclose on the second mortgage and to conduct a sale of the property on September 28, 1998. However, because of hurricane warnings in Mobile on that date, the sale did not take place. Even though Stanley did not receive notice that the sale had been rescheduled for a later date, a foreclosure sale of the property was conducted on October 19. Stanley received a letter in November dated October 30, 1998, informing him that the property had been sold at a foreclosure sale held on October 19, and giving Stanley 10.days to vacate the property.
On August 5, 1999, Stanley sued Robinson, seeking specific performance of the' oral agreement he says provided for the release of the second mortgage and alleging wrongful' foreclosure. Robinson filed an answer denying all allegations; he also filed a counterclaim seeking to eject Stan *408 ley from the real property. Robinson then filed a motion for a summary judgment on all claims, which the trial court granted. Stanley filed a motion to reconsider, and the trial court denied that motion. Stanley appealed. ’

II. Analysis

Stanley essentially questions three aspects of the foreclosure and the trial court’s summary judgment. First, he argues that the October 19 foreclosure sale was not properly conducted because, Stanley says, Robinson had not satisfied the notice requirement of § 6-8-69, Ala.Code 1975, when he failed to hold the foreclosure sale on September 28. Second, he claims that Robinson was required to advertise the foreclosure sale once a week for four consecutive weeks pursuant to § 35-10-2, Ala.Code 1975, because the mortgage was silent as to notice requirements; Robinson advertised the sale for only three weeks. Third, he argues that the trial court erred in refusing to allow him to amend his complaint to allege fraud and misrepresentation after he learned at the hearing on the . summary-judgment motion that Robinson had, in fact, never scheduled a foreclosure sale.for September 28, and that he instead held it on October 19, without giving Stanley any corrective notice of the changed date.
The original reason for the dispute is the alleged oral agreement between Stanley and Robinson releasing Stanley from the obligations of the second mortgage -in exchange for his assuming the responsibility for some repairs on the premises. Robinson foreclosed on the second mortgage because of nonpayment on the note secured by the mortgage. In essence, Stanley maintained in his suit that Robinson had wrongfully foreclosed on the second mortgage because, he said, under the purported oral agreement he did not owe anything on the note secured by that mortgage. The trial court entered a summary judgment for Robinson because Stanley failed to offer any evidence — other than his word — of such an oral agreement, nor does he present any evidence on appeal. Therefore, the summary judgment was proper on the issue of specific performance of the oral release agreement. Clearly, Robinson had the right to foreclose on the mortgage.
The remaining issues on appeal involve the procedures that must be followed in a foreclosure sale. The affidavit of Robinson’s attorney, as well as the letter sent by Robinson’s attorney notifying Stanley of the foreclosure, leaves no doubt that the foreclosure sale was originally scheduled for September 28, 1998. Because of bad weather, the foreclosure sale was not held on that date. As the foreclosure deed indicates, the actual sale was held on October 19, 1998. The record gives no indication, and Robinson makes no contention in his pleadings, motions, or briefs, that notice of the date of the rescheduled foreclosure sale was given to Stanley.
Section 6-8-69, Ala.Code 1975, states:
“Whenever it becomes necessary to postpone any sale that has been advertised to occur on a certain day, the same may be postponed by the auctioneer or attorney announcing, at the time set for sale, the date to which said sale is postponed; and the original notice shall be published once again, with a statement at the bottom that said sale has been postponed and the date when it will occur.”
The newspaper receipt for the publication notice of the foreclosure sale makes it clear that Robinson did not advertise a foreclosure sale for September 28 as he told Stanley he would. Thus, Robinson apparently failed to follow the notice requirement of § 6-8-69. However, in his *409 response to Stanley’s motion to reconsider the summary judgment, Robinson states that the “foreclosure sale was never scheduled for September 28, 1998'but was instead advertised to be held on the 19th day of October 1998.... ”
If that statement is accurate, it would solve the apparent failure to follow § 6-8-69, but it creates another problem. This statement directly contradicts the notice sent by Robinson’s attorney to Stanley stating that the foreclosure sale would be held on September 28. Thus, the trial court should have permitted Stanley to amend his complaint to add fraud and misrepresentation claims, because one of the two statements by Robinson is incorrect, creating at least an appearance of misrepresentation. The discrepancy amounts to either a failure on Robinson’s part to follow the notice requirement of § 6-8-69 or a misrepresentation by Robinson to Stanley as to when the foreclosure sale was going to be held.. To determine which of these statements is false is not our function' — that question is not before us — but we do find that because of the discrepancy a genuine issue of material fact exists on this issue. Consequently, we reverse the trial court’s summary judgment insofar as it held that Stanley had been given proper notice for the foreclosure sale.
The newspaper receipt for the publication notice of. the foreclosure-sale shows that the notice ran for three consecutive weeks. Stanley claims that this was not sufficient under § 35-10-2,- Ala.Code 1975, which requires four consecutive weeks of advertising “[i]f the deed of trust or mortgage, with power of sale, is silent as to the place or terms of sale, or as to the character of mode of notice.... ” The mortgage foreclosed on here states that the “[mjortgagee is authorized and empowered to sell said property ... first having given notice thereof as required by law.” Stanley argues that the mortgage is thus silent under § 35-10-2 and four-weeks’ notice is required. We disagree. The language of the mortgage, while general in its reference to the “character and mode of notice,” is not silent on the matter. Section 35-10-8 mandates the minimal requirements for notice of a foreclosure sale that involves a security agreement; it requires three consecutive weeks of advertising.[1] Because the mortgage was executed after July 1, 1936, and secured an amount in excess of $500, the language in the mortgage providing that the mortgagee may sell the property' after giving “notice thereof as required by law” implicitly incorporates this default provision into the agreement; it is not silent on the character or mode of notice. ' Therefore, the manner of notice in this case was proper, despite Stanley’s objection that the notice needed to- be published for four consecutive weeks rather than three.
We hold that the summary judgment was proper insofar as it refused to specifically enforce the oral release agreement and insofar as it held that publication of the notice for three consecutive weeks was adequate. The summary judgment, however, was not proper insofar as it held that notice of foreclosure was proper under § 6^8-69. Stanley should be granted leave to amend his complaint to include claims of fraud and misrepresentation. The judgment is affirmed in part and reversed in part and the case remanded for further proceedings on the question of notice.
*410 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOUSTON, SEE, BROWN, HARWOOD, and STUART, JJ„ concur.
LYONS, J., concurs in the result.
JOHNSTONE, J., concurs in the rationale in part and concurs in the judgment.
WOODALL, J., dissents from the rationale in part.

. Section 35-10-8 provides, in pertinent part, that “[njotice of all sales under [powers of sale contained in mortgages and deeds of trust] shall be given by publication once a week for three successive weeks